1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL ANTHONY TODD, | CASE No.    1:12-cv-02083-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
|  | (ECF No. 2) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| P. JOHNSON, et al. |  |
| Defendants.                    / |  |

Plaintiff Michael Anthony Todd ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on February 22, 2012 in the Superior Court of the State of California for the County of Kings. (ECF No. 2.)  On August 6, 2012, Plaintiff filed a First Amended Complaint alleging federal and state claims.  (Am. Compl., Id. at Ex. A.) Defendants were served with the First Amended Complaint on November 27, 2012, and they removed the action to this Court on December 27, 2012.  (Id.)  Plaintiff's First Amended Complaint is now before the Court for screening.

-1-

1   **I.    SCREENING REQUIREMENT**

2       The Court is required to screen complaints brought by prisoners seeking relief

3   against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

4   § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

5   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

6   relief may be granted, or that seek monetary relief from a defendant who is immune from

7   such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

8   thereof, that may have been paid, the court shall dismiss the case at any time if the court

9   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

10  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11      A complaint must contain "a short and plain statement of the claim showing that the

12  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

13  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

14  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

15  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth

16  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

17  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands

18  more than the mere possibility that a defendant committed misconduct and, while factual

19  allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

20  **II.   SUMMARY OF PLAINTIFF'S COMPLAINT**

21      Plaintiff is currently housed at California State Prison, Corcoran ("CSP-COR") where

22  the events at issue in his First Amended Complaint occurred. Plaintiff alleges the following

23  parties violated his rights under the First, Eighth, and Fourteenth Amendments to the

24  United States Constitution:[1] 1) California Department of Corrections, 2) CSP-COR, 3) T.

25

26      [1] Plaintiff raises claims under both the California and United States Constitutions. However, he
    refers to the First, Eighth, and Fourteenth Amendments in both the United States and California
27  Constitutions. The California Constitution sections do not directly correspond to the same sections of the
    United States Constitution. It appears that Plaintiff simply wishes to bring claims under the United States
28  Constitution rather than the California Constitution since the sections of the California Constitution to

1   Norton, Chief Deputy Warden at CSP-COR, 4) P. Johnson, correctional counselor at CSP-

2   COR, 5) John Doe I, correctional officer at CSP-COR, 6) John Doe 2, correctional officer

3   at CSP-COR, and 7) Does 3-10.   He also alleges these individuals are liable for

4   negligence, false imprisonment, intentionally inflicting emotional distress, and acting with

5   malice.

6         Plaintiff's allegations are as follows:

7         When he was transferred to CSP-COR in September 2010, he informed staff

8   members there that he was a member of the "U.S.A.S." organization.[2]  (Am. Compl. at 8.)

9   Defendant Doe 1 informed Plaintiff U.S.A.S. members were being threatened by Aryan

10  Brotherhood members, and that he would not protect Plaintiff.  (Id. at 8-9.)

11        Plaintiff was initially placed on single cell status.  (Am. Compl. at 9.)  He appeared

12  before a Security Housing Unit ("SHU") Institutional Classification Committee consisting

13  of Defendants Norton, Johnson, and Rangel.  (Id.)  They ultimately concluded that Plaintiff

14  could be housed with a cell-mate, and Plaintiff was given one.  (Id. at 9-10.)  Plaintiff was

15  transferred to a new cell a few weeks later even though Plaintiff warned Defendant Doe

16  2 he was not compatible with his new cell-mate.  (Id. at 10.)  Defendant Doe 2 forced

17  Plaintiff to sign a form indicating he was compatible with his new cell-mate.  (Id.)  Plaintiff's

18  new cell-mate injured him the next day.  (Id.)

19        While Plaintiff was waiting for an ambulance, Defendant Doe 1 saw him and

20  reminded Plaintiff that he should have agreed to be housed on the Special Needs Yard

21  ("SNY") and that Defendant Doe 1 said he would laugh at Plaintiff if he was injured outside

22  of the SNY.  (Am. Compl. at 11.)  Plaintiff was not provided medical treatment for his

23  injuries.  (Id. at 10.)

24

25  _____

26  which he refers are not relevant to his factual allegations.  If this is not true, Plaintiff should set forth the
    relevant California Constitution sections under which he wishes to allege any claims in his amended
    complaint.

27

28        [2] In his amended pleading, Plaintiff should provide an explanation of what "U.S.A.S." stands for
    and why Plaintiff's membership in this group placed him in danger.

-3-

1    Upon his return to CSP-COR, Plaintiff was placed on an indeterminate SHU term.

2    (Am. Compl. at 11.)  He was initially given a six month SHU term but this was extended.

3    (Id.)  During this time period, he was held in the SHU for certain times without proper

4    process.  (Id.)  The only option given Plaintiff was to remain in the SHU or transfer to the

5    SNY.  (Id.)  Plaintiff refused to accept placement on the SNY.  (Id.)

6    In February 2012 Plaintiff was given an indeterminate SHU for safety and security

7    reasons.  (Am. Compl. at 11.)  Plaintiff was supposed to be placed in the general

8    population in May 2012, but he continues to remain in the SHU.  (Id. at 11-12.)

9    Plaintiff has been unable to file prison grievances regarding his housing issues.

10   (Am. Compl. at 12.)

11   Plaintiff's rights to be free from cruel and unusual punishment under the Eighth

12   Amendment, redress the government under the First Amendment, and due process of law

13   under the Fifth and Fourteenth Amendments have been violated.  (Am. Compl. at 13-14.)

14   Defendants have also committed torts and acted with negligence and malice.  (Id. at 14.)

15   Plaintiff asks for declaratory relief, preliminary and permanent injunctions, $500,000

16   in compensatory damages, and punitive damages.  (Am. Compl. at 14-16.)

17   **III.   ANALYSIS**

18   **A.   42 U.S.C. § 1983 Analysis**

19   42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

20   privileges, or immunities secured by the Constitution and laws' of the United States."

21   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §

22   1983 is not itself a source of substantive rights, but merely provides a method for

23   vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94,

24   109 S. Ct. 1865 (1989).

25   To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

26   a right secured by the Constitution or laws of the United States was violated, and (2) that

27   the alleged violation was committed by a person acting under the color of state law.  See

28   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

-4-

(9th Cir. 1987).

**B.     42 U.S.C. §1983 Linkage Requirement**

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has not alleged facts specifically linking any Defendant to any particular violation of his rights. Plaintiff simply lists a series of factual allegations without identifying a particular Defendant he feels is responsible for any particular violation. Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect.

**C.     First Amendment - Right to Petition the Courts for Redress**

Plaintiff alleges that unspecified Defendants failed to properly process his grievances. It appears Plaintiff's claims are best suited to a general First Amendment claim.

There is a First Amendment right to petition the government through prison grievance procedures. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, there is also a general requirement that there also be some kind of injury to state a cognizable claim. See Brodheim, 548 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68) (prisoner must allege that an adverse action taken in response to prisoner's protected First Amendment activity had a chilling effect on prisoner's ability to exercise of his First Amendment rights); Lewis v. Casey, 518 U.S. 343, 346-348 (1996) (recognizing a fundamental constitutional right of

access to the courts, but also requiring that plaintiff show he suffered from an actual injury).

Plaintiff alleges unspecified individuals failed to process his grievances, but does not say which Defendants were responsible and whether he suffered an actual injury from this failure.  Plaintiff has failed to state a First Amendment claim related to refusal to process grievances.  Plaintiff will be given leave to amend this claim.  In his amended complaint he should explain which Defendants were responsible for failing to process his grievances and whether he suffered any actual injury as a result of Defendants' said acts.

### D.   Fifth Amendment Claim

"[T]he Fifth Amendment's due process clause applies only to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Because none of the named Defendants are federal actors, Plaintiff has failed to state a claim for violation of the Fifth Amendment.

### E.   Eighth Amendment - Cruel and Unusual Punishment

Plaintiff appears to be alleging a failure to protect claim against unspecified Defendants.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no constitutional right, however, to enjoy a particular security classification or housing.  See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]"  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.

1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff fails to fully meet either prong of an Eighth Amendment failure to protect claim. He fails to meet the threshold requirement that a specific individual be linked to the alleged wrong.

Plaintiff does allege Defendant Doe 2 forced him to be housed with an incompatible cell-mate, but he fails to explain why and how this cell-mate posed a substantial risk of serious harm to Plaintiff.

Plaintiff also fails to meet the deliberate indifference requirement of an Eighth Amendment claim. Plaintiff alleges that various individuals incorrectly failed to provide him with safe housing but does not explain why any Defendant should have been extra cautious in assigning a cell-mate to Plaintiff. Plaintiff includes no facts to suggest why or how his membership in an undefined group should have alerted Defendants to the need to provide special protection. Plaintiff does not identify any individual Defendant who was aware of any specific danger. Indeed, Plaintiff's allegations reveal Defendants tried to provide extra protection by placing Plaintiff on the SNY.

Plaintiff has failed to state an Eighth Amendment claim and will be given leave to amend.

///

### F.   **Fourteenth Amendment - Due Process**

Plaintiff also appears to wish to allege a due process claim against unspecified Defendants. Plaintiff fails to meet the threshold requirement of linking an individual to this claim. In addition, even if Plaintiff was to link a Defendant to this claim, he has failed to allege sufficient facts to establish a due process claim.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff, 418 U.S. 539, 556. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff fails to identify any liberty interest or allege other facts to suggest he was deprived of a constitutionally protected interest without procedural due process. Nothing before the Court suggests he was deprived of any particular procedure due to him in relation to his confinement.

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions.) "There is no constitutional right for a state prisoner . . . to be housed in a particular portion

or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Plaintiff fails to allege facts suggesting an atypical and significant hardship in relation to his SHU confinement.  He has not alleged the duration and degree of restraint or the forms of process he was provided while housed in the SHU.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement.  Wilkinson v. Austin, 545 U.S. 209, 221–22 (2005).

Plaintiff has no liberty interest in avoiding solitary confinement.  See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU.)

If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating the above noted elements against a named Defendant.

G.    **State Law Claims**

Plaintiff appears to wish to bring a number of tort claims against Defendants for negligence, false imprisonment, intentional infliction of emotional distress, and malice.

Plaintiff has failed to link specific Defendants to this claim or explain whether or not he has satisfied the requirements of the California Tort Claims Act.

Moreover, "[a]s a condition precedent to suit against a public entity [or official], the California Tort Claims Act ("CTCA") requires the timely presentation of a written claim and the rejection of the claim in whole or in part."  Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (citations omitted).  Because compliance with the CTCA is deemed to be a substantive element of a plaintiff's claim, compliance must be stated or shown in a complaint in order for a plaintiff to proceed on the claim.  See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Brouwer v. City of Manteca, 2008 WL 2825099 at *3 (June 8, 2011, E.D.Cal.).  Here, the First Amended Complaint is silent as to whether Plaintiff has first

-9-

complied with CTCA. Therefore, Plaintiff will be given leave to amend and in his amended complaint he should state whether or not he has complied with the CTCA.

### H.    Injunctive Relief

Plaintiff seeks injunctive relief. He asks the Court to order Defendants to house him with compatible inmates or no inmates at all, process his grievances, and transfer him from the SHU.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His First Amended Complaint fails to state any cognizable claim.

Plaintiff suggests a real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). However, his allusion to such threats are vague. The Court is unable to determine at this time how Plaintiff would suffer without the requested relief.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public

has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend.  If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's First Amended Complaint, filed August 24, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

-11-

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    January 30, 2013         /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE