1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY TODD,

                Plaintiff,

    v.

P. JOHNSON, et al.

                Defendants.
                          /

CASE No.    1:12-cv-02083-LJO-MJS (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS DOE, NORTON, JOHNSON, HARRINGTON, AND WEATHERFORD AND THAT OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM

(ECF No. 12)

FOURTEEN-DAY OBJECTION DEADLINE

      Plaintiff Michael Anthony Todd ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff initiated this action on February 22, 2012 in the Superior Court of the State of California for the County of Kings. (ECF No. 2.) On August 6, 2012, Plaintiff filed a First Amended Complaint alleging federal and state claims. (Am. Compl., Id. at Ex. A.) Defendants were served with the First Amended Complaint on November 27, 2012, and removed the action to this Court on December 27, 2012. (Id.)

-1-

1    The Court screened Plaintiff's First Amended Complaint and dismissed it, with leave

2  to amend, for failure to state a claim.  (ECF No. 11.)  Plaintiff has since filed a Second

3  Amended Complaint.  (Am. Compl., ECF No. 12.)  Plaintiff's Second Amended Complaint

4  is now before the Court for screening.

5  **I.    SCREENING REQUIREMENT**

6    The Court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

9  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

10  relief may be granted, or that seek monetary relief from a defendant who is immune from

11  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

12  thereof, that may have been paid, the court shall dismiss the case at any time if the court

13  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

14  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15    A complaint must contain "a short and plain statement of the claim showing that the

16  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

17  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

18  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

19  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

20  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

21  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands

22  more than the mere possibility that a defendant committed misconduct and, while factual

23  allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

24  **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

25    Plaintiff is currently housed at California State Prison, Corcoran ("CSP-COR") where

26  the events at issue in his Second Amended Complaint occurred.  Plaintiff alleges the

27  following parties violated his rights: 1) California Department of Corrections and

28  Rehabilitation ("CDCR"), 2) P. Johnson, correctional counselor at CSP-COR, 3) T. Norton,

1  Chief Deputy Warden at CSP-COR, 4) J. Gomez, correctional officer at CSP-COR, 5) John
2  Doe, correctional officer at CSP-COR, 6) G. Mascarenas, correctional counselor at CSP-
3  COR, 7) R.S. Lambert, Chief Deputy Warden at CSP-COR, 8) R. Subia, director of the
4  CDCR, 9) K. Harrington, deputy director of the CDCR, and 10) K. Weatherford, correctional
5  lieutenant at CSP-COR.  Plaintiff alleges Defendants CDCR, Johnson, Norton, Harrington,
6  Weatherford, Doe, Mascarenas, Lambert, and Subia violated his Eighth Amendment right
7  to be free from cruel and unusual punishment.   He alleges Defendants CDCR,
8  Mascarenas, Lambert, and Subia subjected him to false imprisonment.  Lastly, he alleges
9  that Defendant Gomez inflicted emotional distress on him.

10       Plaintiff's allegations can be summarized as follows:

11       The CDCR has  prison gang problems.  (Am. Compl. at 3.)  Plaintiff is a member of
12  the United Society of Aryan Skinheads ("USAS") and he has made this clear to prison staff.
13  (Id. at 7.)  The USAS forbids its members from participating in prison politics or obeying
14  orders issued by prison gangs.  (Id. at 6.)  USAS members have a history of being attacked
15  by members of the Aryan Brotherhood gang.  (Id.)

16       Plaintiff was transferred to CSP-COR in January 2010.  (Am. Compl. at 7.)  Plaintiff
17  informed staff members he was a member of the USAS.  (Id.)  Plaintiff was initially placed
18  on single cell status, but after he appeared before the Institutional Classification Committee
19  ("ICC") he was placed on double cell status.  (Id. at 7-8.)  Defendant Norton chaired the
20  committee and Defendant Johnson recommended Plaintiff be placed on double cell status.
21  (Id. at 7-8.)  These Defendants were aware of the dangers of placing Plaintiff on double cell
22  status and in the group yard.  (Id. at 8.)

23       On March 10, 2010, Plaintiff was double celled with another inmate and forced by
24  Defendant Doe to sign a compatibility agreement.  (Am. Compl. at 8.)  The following day
25  Plaintiff's cell-mate stabbed him.  (Id. at 9.)  As Plaintiff was waiting for an ambulance,
26  Defendant Gomez laughed at him.  (Id.)

27       On April 21, 2010, Plaintiff was given an indeterminate Security Housing Unit
28  ("SHU") term.  (Am. Compl. at 9.)  Plaintiff was placed in the SHU for two six month terms.

1  (Id.)  After this, Defendant Mascarenas recommended another term for Plaintiff based
2  solely on his USAS membership.   (Id. at 10.)   Defendant Lambert approved the
3  recommendation and Plaintiff was placed in the SHU for another two terms.  (Id. at 10.)
4  On February 2, 2012, the Departmental Review Board, chaired by Defendant Subia, placed
5  Plaintiff in the SHU for another indeterminate term.   (Id.)   On May 17, 2012, the
6  Departmental Review Board, chaired by Defendant Harrington placed Plaintiff on CSP-
7  COR's general population yard.  (Id.)  Plaintiff requested to be placed in an area where
8  other USAS members were housed because he was worried about his safety.  (Id.)

9      Plaintiff was housed on the general population yard in August 2012.  (Am. Compl.
10  at 11.)  Defendant Weatherford tried to make Plaintiff accept a non-USAS cell-mate.  (Id.)
11  After being presented with information indicating Plaintiff could not be housed with such
12  an individual, Defendant Weatherford told other inmates Plaintiff was preventing other
13  inmates from being released from Administrative Segregation by refusing to accept any
14  cell–mate.  (Id.)

15      Plaintiff was attacked on October 4, 2012 by other inmates.  (Am. Compl. at 11.)
16      Plaintiff asks for declaratory relief, a preliminary and permanent injunction,
17  compensatory damages, and punitive damages.  (Am. Compl. at 14-16.)

18  **III.    ANALYSIS**

19      **A.    42 U.S.C. § 1983 Analysis**

20      42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
21  privileges, or immunities secured by the Constitution and laws' of the United States."
22  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §
23  1983 is not itself a source of substantive rights, but merely provides a method for
24  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94,
25  109 S. Ct. 1865 (1989).

26      To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
27  a right secured by the Constitution or laws of the United States was violated, and (2) that
28  the alleged violation was committed by a person acting under the color of state law.  See

-4-

1  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
2  (9th Cir. 1987).

3       **B.    State Agencies**

4       The Eleventh Amendment prohibits suits against state agencies.  See Natural Res.
5  Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v.
6  Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List,
7  880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was
8  a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles
9  Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because CDCR is a state
10  agency, it is entitled to Eleventh Amendment immunity from suit.  Because this Defendant
11  is immune from suit, Plaintiff cannot recover from it.  This Defendant should be dismissed
12  from this action.

13       **C.    Eighth Amendment Claim**

14       Plaintiff alleges Defendants CDCR, Johnson, Norton, Harrington, Weatherford, Doe,
15  Mascarenas, Lambert, and Subia violated his Eighth Amendment right to be free from cruel
16  and unusual punishment.

17       "[A] prison official may be held liable under the Eighth Amendment for denying
18  humane conditions of confinement only if he knows that inmates face a substantial risk of
19  serious harm and disregards that risk by failing to take reasonable measures to abate it."
20  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take
21  reasonable measures to guarantee the safety of inmates and officials have a duty to
22  protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at
23  832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no
24  constitutional right, however, to enjoy a particular security classification or housing.  See
25  Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due
26  Process Clause is implicated in a prison's reclassification and transfer decisions); see also
27  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or
28  abuse . . . is not sufficient to state a constitutional deprivation[.]"  Oltarzewski v. Ruggiero,

1  830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.
2  1979)).

3  Rather, to state a claim for threats to safety, an inmate must allege facts to support
4  that he was incarcerated under conditions posing a substantial risk of harm and that prison
5  officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152
6  F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en
7  banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to
8  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
9  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from
10  which the inference could be drawn that a substantial risk of serious harm exist[ed], and
11  he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at
12  1128; Redman, 942 F.2d at 1442.

13  ### 1.   Defendant CDCR

14  For the reasons stated above, Plaintiff has failed to allege an Eighth Amendment
15  claim against Defendant CDCR.  As a state agency Defendant CDCR is immune from suit
16  under the Eleventh Amendment.

17  ### 2.   Defendants Norton and Johnson

18  According to Plaintiff's allegations, which are taken as true at this stage of the
19  proceedings, Defendants Norton and Johnson were part of the initial ICC that decided to
20  place Plaintiff in a double cell.  These Defendants were informed that Plaintiff was a
21  member of the USAS and of the dangers that he would face if he was placed in a double
22  cell on a group yard.  These Defendants chose to ignore this danger and recommended
23  he be placed in a double cell on a group yard.  Plaintiff was later attacked by his cell mate.
24  These Defendants were aware of a serious risk and chose to ignore it.

25  Plaintiff has stated an Eighth Amendment failure to protect claim against these
26  Defendants.

27  ### 3.   Defendant Doe

28  Plaintiff alleges: Defendant Doe forced Plaintiff to be housed with a cell-mate

despite the fact Plaintiff informed him that the proposed cell-mate was associated with the Aryan Brotherhood and could pose a danger to Plaintiff.  Plaintiff was later attacked by this inmate.  Defendant Doe was aware of a serious risk to Plaintiff and chose to ignore it.

Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant Doe.

### 4.   Defendants Mascarenas, Lambert, and Subia

According to Plaintiff, Defendants Mascarenas, Lambert, and Subia chose to place Plaintiff in the SHU due to his membership in the USAS.  Rather than ignoring a serious risk to Plaintiff, it appears these Defendants tried to keep Plaintiff in a safe housing situation.  Although Plaintiff was not happy with this housing decision, it apparently served to keep Plaintiff safe.  Plaintiff has failed to state an Eighth Amendment claim against these Defendants.

### 5.   Defendants Harrington and Weatherford

According to the pleading, Defendant Harrington returned Plaintiff to the general population housing even after Plaintiff had been attacked by another inmate.  Defendant Weatherford tried to force Plaintiff to accept another cell-mate even though Plaintiff had previously been attacked by his cell-mate.  Plaintiff was ultimately attacked in October 2012 by other inmates.  These Defendants were aware of the dangers Plaintiff faced by being housed with the general prison population and with a cell-mate but choose to ignore them.  These Defendants were aware of a serious risk to Plaintiff's safety and chose to ignore the risk.  Plaintiff has stated an Eighth Amendment claim against these Defendants.

**D.   Fourteenth Amendment Claim**

Plaintiff alleges Defendants CDCR, Mascarenas, Lambert, and Subia subjected him to false imprisonment by housing him in an area that prevented him from earning good time credits.  Due to his inability to earn good time credits, Plaintiff will be incarcerated for more time.

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  While challenges to a state

-7-

1  court's incarceration of a petitioner or the length of that incarceration are proper in a
2  petition for writ of habeas corpus, challenges to the conditions of prison life are properly
3  brought under 42 U.S.C. § 1983.  See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct.
4  1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827,
5  1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing
6  Section 2254 Cases.

7       Accordingly, Plaintiff's claim regarding false imprisonment cannot be brought in this
8  action.  Plaintiff's claim against Defendants CDCR, Mascarenas, Lambert, and Subia for
9  false imprisonment should be dismissed.

10                  **E.**      **Intentional Infliction of Emotional Distress**

11       Plaintiff alleges Defendant Gomez intentionally inflicted emotional distress when he
12  mocked Plaintiff for being attacked by his cell-mate.

13       Under California law, the elements of intentional infliction of emotional distress are:
14  (1) extreme and outrageous conduct by the defendant with the intention of causing, or
15  reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
16  suffering severe or extreme emotional distress; and (3) actual and proximate causation of
17  the emotional distress by the defendant's outrageous conduct.  Corales v. Bennett, 567
18  F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d
19  554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees,
20  322 F.3d 602, 621–22 (9th Cir. 2003).  Conduct is outrageous if it is so extreme as to
21  exceed all bounds of that usually tolerated in a civilized community.  Corales, 567 F.3d at
22  571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622.

23       Plaintiff has not satisfied any of these three criteria.  Though he alleges that
24  Defendant Gomez mocked him, he does not describe conduct which rises to the level of
25  extreme or outrageousness that  exceeds all bounds of that usually tolerated in a civilized
26  community.  Plaintiff does not allege he suffered from emotional distress from Defendant
27  Gomez's actions.  Plaintiff has failed to allege an intentional infliction of emotional distress

28

claim against Defendant Gomez.  Plaintiff will not be given further leave to amend this claim.

**F.    Declaratory Relief**

Finally, in addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted).  Therefore, this action properly proceeds as one for damages only.

**IV.    CONCLUSION AND RECOMMENDATION**

Plaintiff's Second Amended Complaint states a cognizable claim for relief against Defendants Norton, Doe, Johnson, Harrington, and Weatherford for violation of the Eighth Amendment arising out of their failure to protect Plaintiff, but it does not state any other Eighth Amendment claims against other Defendants, any cognizable Fourteenth Amendment claims, or any cognizable claims based on intentional infliction of emotional distress.  These deficiencies are not capable of being cured through amendment and therefore, the Court recommends that this action proceed on Plaintiff's viable Eighth Amendment claim and the other claims and Defendants be dismissed.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    This action proceed as one for damages on Plaintiff's Eighth Amendment failure to protect claim against Defendants Norton, Doe, Johnson, Harrington, and Weatherford;

2.    All other Eighth Amendment claims be dismissed, with prejudice, for failure to state a claim;

3.    Plaintiff's Fourteenth Amendment claim be dismissed, with prejudice, for failure to state a claim;

4.    Plaintiff's claim of intentional infliction of emotional distress be dismissed, with prejudice, for failure to state a claim;

5.       Plaintiff's claim for declaratory relief be dismissed, with prejudice, for failure to state a claim; and

6.       Defendants CDCR, Mascarenas, Lambert, Subia, and Gomez be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 29, 2013                         /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

-10-