# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD, | Case No.: 1:12-cv-2083-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION |
| v. | |
| P. JOHNSON, et al., | ECF Nos. 14, 28 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Michael Anthony Todd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's motions for a preliminary injunction.  (ECF Nos. 14, 28.)[1]  Plaintiff is a member of the United Society of Aryan Skinheads ("USAS"), and he is concerned that if he is transferred to Pelican Bay State Prison he will be in danger because the USAS inmates have been attacked at that prison.  (Id.)  Plaintiff believes that California Department of Corrections and Rehabilitation's ("CDCR's") staff wants to transfer him to put

---

[1] Plaintiff's two motions for injunctive relief appear to be identical.  Plaintiff asks for the same form of relief for the same reasons in both motions.

him in a dangerous environment.  (<u>Id.</u>)  Plaintiff has already suffered harmed as a result of membership in the USAS.  (<u>Id.</u>)

I.      **SUMMARY OF CLAIMS**

Plaintiff alleges as follows:

The CDCR has prison gang problems.  (Am. Compl. at 3.)  Plaintiff is a member of the USAS and he has made this clear to prison staff.  (<u>Id.</u> at 7.)  The USAS forbids its members from participating in prison politics or obeying orders issued by prison gangs.  (<u>Id.</u> at 6.)  USAS members have a history of being attacked by members of the Aryan Brotherhood gang.  (<u>Id.</u>)

Plaintiff was transferred to California State Prison, Corcoran ("CSP-COR") in January 2010.  (Am. Compl. at 7.)  Plaintiff informed staff members he was a member of the USAS.  (<u>Id.</u>)  Plaintiff was initially placed on single cell status, but after he appeared before the Institutional Classification Committee ("ICC") he was placed on double cell status.  (<u>Id.</u> at 7-8.)  Defendant Norton chaired the committee and Defendant Johnson recommended Plaintiff be placed on double cell status.  (<u>Id.</u> at 7-8.)  These defendants were aware of the dangers of placing Plaintiff on double cell status and in the group yard.  (<u>Id.</u> at 8.)

On March 10, 2010, Plaintiff was double celled with another inmate and forced by Defendant Doe to sign a compatibility agreement.  (Am. Compl. at 8.)  The following day Plaintiff's cell-mate stabbed him.  (<u>Id.</u> at 9.)  As Plaintiff was waiting for an ambulance, Defendant Gomez laughed at him.  (<u>Id.</u>)

On April 21, 2010, Plaintiff was given an indeterminate Security Housing Unit ("SHU") term. (Am. Compl. at 9.)  Plaintiff was placed in the SHU for two six month terms.  (<u>Id.</u>)  After this, Defendant Mascarenas recommended another term for Plaintiff based solely on his USAS membership.  (<u>Id.</u> at 10.)  Defendant Lambert approved the recommendation and

2

Plaintiff was placed in the SHU for another two terms.  (Id. at 10.)  On February 2, 2012, the Departmental Review Board, chaired by Defendant Subia, placed Plaintiff in the SHU for another indeterminate term.  (Id.)  On May 17, 2012, the Departmental Review Board, chaired by Defendant Harrington, placed Plaintiff on CSP-COR's general population yard. (Id.)  Plaintiff requested to be placed in an area where other USAS members were housed because he was worried about his safety.  (Id.)

Plaintiff was housed on the general population yard in August 2012.  (Am. Compl. at 11.)  Defendant Weatherford tried to make Plaintiff accept a non-USAS cell-mate.  (Id.)  After being presented with information indicating Plaintiff could not be housed with such an individual, Defendant Weatherford told other inmates Plaintiff was preventing other inmates from being released from Administrative Segregation by refusing to accept any cell–mate. (Id.)

Plaintiff was attacked on October 4, 2012 by other inmates.  (Am. Compl. at 11.)

## II.    LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

The standards for a temporary restraining order are essentially the same as that for a preliminary injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20.  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief is to be granted "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

### III.   ANALYSIS

#### A.   Plaintiff Establishes No Irreparable Harm

Plaintiff fails to show that he will suffer irreparable harm if his motion is not granted. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").

Plaintiff alleges only that he believes he may be transferred to Pelican Bay State Prison and that, if so, he will be exposed to danger there because it is more dangerous than the prison at which he is currently housed.

Plaintiff does not inform the Court of facts upon which it could evaluate whether there is a genuine basis for his fears.  He similarly fails to provide any explanation of the basis for his belief that his classification status places him at risk of immediate danger.

It appears Plaintiff continues to be housed at California State Prison, Corcoran rather than California Men's Colony, the prison he believes is the safest one for him.  Despite not being housed at the prison of his choice, it does not appear that he is in any current danger at CSP-COR, that his fears of transfer to Pelican Bay State Prison are justified, or that the risk of harm is greater there.

4

Plaintiff has not established he will suffer from irreparable harm if he is transferred to Pelican Bay State Prison.

**B.    The Equities and Public Interest do not Favor Plaintiff**

Plaintiff simply asserts that the balance of equities tip in his favor and that the injunction is in the public interest.  He does not explain or even argue why he believes that to be so.  His mere assertion is insufficient to establish these elements.

**IV.    CONCLUSION AND RECOMMENDATION**

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motions for a preliminary injunction (ECF Nos. 14, 28) be DENIED without prejudice.

///

///

///

///

///

///

///

///

///

///

///

///

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 14, 2013        /s/ Michael J. Seng
                                UNITED STATES MAGISTRATE JUDGE