| | |
|---|---|
| MICHAEL ANTHONY TODD<br><br>    Plaintiff,<br><br>  v.<br><br>P. JOHNSON, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02083-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS JOHNSON, HARRINGTON, NORTON, AND WEATHERFORD'S MOTION TO DISMISS<br><br>(ECF No. 19)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Plaintiff Michael Anthony Todd ("Plaintiff") is a prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on February 22, 2012 in the Superior Court of the State of California for the County of Kings. (ECF No. 2.) The Court screened Plaintiff's Second Amended Complaint (Am. Compl., ECF No. 12) and found that it stated a cognizable claim

1

under the Eighth Amendment of the United States Constitution against Defendants Doe, Norton, Johnson, Harrington, and Weatherford (ECF Nos. 15, 29.)

Defendant Johnson has moved to dismiss Plaintiff's action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his administrative remedies. (Defs.' Mot, ECF No. 19.) Defendants Harrington, Weatherford, and Norton have joined Defendant Johnson's motion. (ECF No. 56.) Plaintiff filed an opposition (Pl.'s Opp'n, ECF No. 23) and Defendants filed a reply (ECF No. 27).

Defendants' motion is now ready for ruling. Local Rule 230(*l*).

## I. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2014). For Plaintiff's allegations that occurred in 2010, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c) (2009). For the allegations that occurred in 2012, three levels of appeal existed; each successive appeal had to be submitted within

thirty calendar days of the event being appealed. Id. at §§ 3084.7, 3084.8 (2014). To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II.  PLAINTIFF'S CLAIMS

Plaintiff's allegations are summarized as follows:

The California Department of Corrections and Rehabilitation ("CDCR") has prison gang problems. (Am. Compl. at 3.) Plaintiff is a member of the United Society of Aryan Skinheads ("USAS") and he has made this clear to prison staff. (Id. at 7.) The USAS forbids its members from participating in prison politics or obeying orders issued by prison gangs. (Id. at 6.) USAS members have a history of being attacked by members of the Aryan Brotherhood. (Id.)

Plaintiff was transferred to California State Prison, Corcoran ("CSP-COR") in January 2010. (Am. Compl. at 7.) Plaintiff informed staff members he was a member of the USAS. (Id.) Plaintiff was initially placed on single cell status, but after he appeared before the Institutional Classification Committee ("ICC") he was placed on double cell status. (Id. at 7-

8.) Defendant Norton chaired the committee and Defendant Johnson recommended Plaintiff be placed on double cell status. (Id. at 7-8.) These Defendants were aware of the dangers of placing Plaintiff on double cell status and in the group yard. (Id. at 8.)

On March 10, 2010, Plaintiff was double celled with another inmate and forced by Defendant Doe to sign a compatibility agreement. (Am. Compl. at 8.) The following day Plaintiff's cell-mate stabbed him. (Id. at 9.)

On April 21, 2010, Plaintiff was given an indeterminate Security Housing Unit ("SHU") term. (Am. Compl. at 9.) Plaintiff was placed in the SHU for two six month terms. (Id.) On May 17, 2012, the Departmental Review Board, chaired by Defendant Harrington, placed Plaintiff on CSP-COR's general population yard. (Id. at 10.) Plaintiff requested placemnet in an area where other USAS members were housed because he was worried about his safety. (Id.)

Plaintiff was housed on the general population yard in August 2012. (Am. Compl. at 11.) Defendant Weatherford tried to make Plaintiff accept a non-USAS cell-mate. (Id.) After being presented with information indicating Plaintiff could not be housed with such an individual, Defendant Weatherford told other inmates Plaintiff was preventing other inmates from being released from Administrative Segregation by refusing to accept any cell–mate. (Id.)

Plaintiff was attacked on October 4, 2012 by other inmates. (Am. Compl. at 11.)

## III. ANALYSIS

Defendants are entitled to dismissal pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b)(6).

Plaintiff proceeds on claims under the Eighth Amendment arising from Defendants' alleged violation of his right to be free from cruel and unusual punishment. Under the PLRA Plaintiff had to have exhausted available administrative remedies for these complaints prior to initiating this action in federal court. Plaintiff did not do so. He did not exhaust any

administrative remedies related to his claims prior to filing his Second Amended Complaint on February 19, 2013.[1]  His claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Between February 10, 2010, when the classification committee assigned Plaintiff to a double cell, and February 19, 2013, when Plaintiff filed his Second Amended Complaint, Plaintiff filed twenty-two non-medical appeals that were accepted for formal review at CSP-COR.  (Jackson Decl., ECF No. 19-4 at ¶ 6.)  Of these twenty-two appeals, eleven were exhausted to the Director's or Third Level of review.  None of the twenty-two appeals related to the allegations raised in his Second Amended Complaint.

The eleven appeals that were exhausted to the Director's or Third Level of review are summarized as follows: Appeal Log No. COR-10-00855 dealt with missing eyeglasses; Appeal Log No. CAL-10-00103 dealt with funds Plaintiff believed correctional staff were erroneously collecting from his trust account, Appeal Log No. COR-10-01318 also dealt with funds Plaintiff believed correctional staff were erroneously collecting from his trust account, Appeal Log No. COR-10-02154 dealt with issues Plaintiff had with prison food, Appeal Log No. COR-11-01622 dealt with the difficulties Plaintiff encountered in receiving a diet that complied with his religious requirements, Appeal Log No. COR-11-01891 dealt with confiscated religious items and Plaintiff's difficulties in having "Creativity" recognized as a valid religion, Appeal Log No. COR-11-02526 dealt with funds Plaintiff believed correctional staff were erroneously collecting from his trust account, Appeal Log No. COR-12-00162 dealt with Plaintiff's complaints about being held in Administrative Segregation, Appeal Log No. COR-12-02806 dealt with confiscated headphones, Appeal Log No. COR-12-04537 dealt with Plaintiff's complaints about being held in the Secured Housing Unit, and Appeal Log No. COR-12-03894 dealt with a confiscated board game.

---

[1] Plaintiff initiated this action on February 22, 2012, which would typically be the date on which he should have exhausted administrative remedies.  (ECF No. 2.)  However, due to the somewhat complicated procedural posture of the case, including its removal from state court and Plaintiff's filing of a Second Amended Complaint, Defendants have agreed to extend Plaintiff's exhaustion deadline to February 19, 2013, the date on which Plaintiff filed his Second Amended Complaint.  (Defs.' P & A, ECF 19-2 at 6.)

None of the appeals Plaintiff exhausted during the relevant prior were sufficient to exhaust the Eighth Amendment claims raised in Plaintiff's Second Amended Complaint. None of them could have alerted prison officials to Plaintiff's allegedly dangerous living conditions or given them reason to redress them. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought"). .

In his opposition, Plaintiff alleges that he filed appeals related to his Eighth Amendment claims but that CSP-COR's staff refused to process them. (Pl.'s Opp'n at 2.) Thus, he argues that he should be excused from the PLRA's exhaustion requirements because prison officials prevented exhaustion of his administrative remedies. (Id.)

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939–40 (9th Cir. 2005).

Plaintiff's bare allegation that he believes grievances have been lost does not provide an adequate basis for excusing him from exhaustion requirements. See Rodgers v. Reynaga, No. CV 1-06-1083-JAT, 2009 WL 2985731, at *3 (E.D.Cal. Sept. 16, 2009), ("To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison officials would completely undermine the rule.") Hendon v. Baroya, No. 1:05-cv-00838-OWW-SMS PC, 2007 WL 3034263, at *3 (E.D.Cal. Oct. 16, 2007) ("[V]ague assertion that grievances were filed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form [of] conduct on the part of prison officials which prevented plaintiff from properly utilizing the appeals process."). Moreover, Plaintiff's claim in this regard is called into question by the fact he was able to file and successfully exhaust numerous appeals unrelated to his Eighth Amendment claims during the same time period at issue here.

Nothing filed by Plaintiff creates any real question as to the accuracy of Defendants' history of his administrative appeals. Defendants have satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies. Plaintiff has not shown that he complied with the PLRA's exhaustion requirements, nor has he shown why he should be exempt from those requirements.  Defendant's motion to dismiss should be granted and this action dismissed..

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF Nos. 19, 54, 56) be granted and that this action be DISMISSED without prejudice.  The Court also recommends that all pending motions be DISMISSED as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 31, 2014                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE