UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>  Plaintiff,<br><br>  v.<br><br>P. JOHNSON, et al.,<br><br>  Defendants. | Case No. 1:12-cv-02083-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SUBJECT TO SANCTIONS FOR FAILURE TO OBEY COURT ORDER** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on February 22, 2012 in the Superior Court of the State of California, County of Kings. (ECF No. 2.) On December 27, 2012, Defendant removed the case to this Court. (ECF No. 2.) The Court then screened Plaintiff's complaint (ECF No. 12) and found that it stated a cognizable claim under the Eighth Amendment of the United States Constitution against Defendants Doe, Norton, Johnson, Harrington, and Weatherford. (ECF Nos. 15, 29.)

Defendant Johnson moved to dismiss Plaintiff's action under the unenumerated

provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust his administrative remedies. (ECF No. 19.) Defendants Harrington, Weatherford, and Norton joined in the motion. (ECF No. 56.) The undersigned issued Findings and a Recommendation to grant the motion. (ECF No. 59.) The District Judge assigned to the case granted the motion (ECF No. 62), a judgment of dismissal was entered (ECF No. 63), and Plaintiff appealed (ECF No. 64). The United States Court of Appeals for the Ninth Circuit vacated the judgment and remanded for further consideration in light of the intervening authority of Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (holding that the appropriate method to determine Prison Litigation Reform Act exhaustion is a motion for summary judgment, not an unenumerated 12(b)(6) motion). (ECF No. 68.)

On remand, the undersigned ordered Defendants to file a responsive pleading or motion within thirty days of the Court's June 30, 2014 order. (ECF No. 69.) Defendants instead filed a motion for summary judgment reasserting their arguments regarding exhaustion and asking that they not be required to answer the complaint while the motion was pending. (ECF No. 70.)

Defendants are required to respond to Plaintiff's complaint by filing a responsive pleading. Fed. R. Civ. P. 12(a). The time for filing a responsive pleading may be extended by the filing of certain motions enumerated under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 12(a)(4). A motion for summary judgment is not a responsive pleading, nor does it extend the time for Defendants to answer. See id. (time for serving an answer altered by "serving a motion under this rule" (emphasis added)).

In this case, Defendants were ordered to file a responsive pleading or motion within thirty days of the Court's June 30, 2014 order. They did not do so. Defendants' informal request that they not be required to answer within that time does not constitute substantial compliance with the Court's order.

Accordingly, it is HEREBY ORDERED that, within fourteen (14) days of service of this order, Defendants shall either file a responsive pleading or motion pursuant to

Federal Rule of Civil Procedure 12, or show cause why they should not be subject to sanctions for failure to comply with the Court's order.

IT IS SO ORDERED.

Dated: September 25, 2014        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

3