UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>Plaintiff,<br><br>v.<br><br>P. JOHNSON, et al.,<br><br>Defendants. | Case No. 1:12-cv-02083-LJO-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO HAVE THIRD AMENDED COMPLAINT FILED (ECF No. 74); (2) GRANTING PLAINTIFF'S REQUEST TO CONDUCT DISCOVERY (ECF No. 73); AND (3) DISCHARDING ORDER TO SHOW CAUSE (ECF No. 78)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on February 22, 2012 in the Superior Court of the State of California, County of Kings. (ECF No. 2.) On December 27, 2012, Defendant removed the case to this Court. (ECF No. 2.) The Court screened Plaintiff's second amended complaint (ECF No. 12) and found that it stated a cognizable claim under the Eighth Amendment of the United States Constitution against Defendants Doe, Norton, Johnson, Harrington, and Weatherford. (ECF Nos. 15, 29.)

Defendant Johnson moved to dismiss Plaintiff's action under the unenumerated

1 provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his
2 administrative remedies. (ECF No. 19.) Defendants Harrington, Weatherford, and
3 Norton joined in the motion. (ECF Nos. 54, 56.) The undersigned issued Findings and
4 Recommendations to grant the motion to dismiss. (ECF No. 59.) Plaintiff filed objections
5 (ECF No. 60) and also lodged with the Court a proposed third amended complaint that
6 purported to elaborate on Plaintiff's attempts to exhaust his administrative remedies
7 (ECF No. 61).

8       The District Judge assigned to the case granted Defendants' motion (ECF No.
9 62), a judgment of dismissal was entered (ECF No. 63), and Plaintiff appealed (ECF No.
10 64). The United States Court of Appeals for the Ninth Circuit vacated the judgment and
11 remanded for further consideration in light of the intervening authority of <u>Albino v. Baca</u>,
12 747 F.3d 1162 (9th Cir. 2014) (holding that the appropriate method to determine Prison
13 Litigation Reform Act exhaustion is a motion for summary judgment, not an
14 unenumerated 12(b)(6) motion). (ECF No. 68.)

15       On remand, the undersigned ordered Defendants to file a responsive pleading or
16 motion within thirty days. (ECF No. 69.) Defendants instead filed a motion for summary
17 judgment, reasserting their arguments regarding exhaustion and asking that they not be
18 required to answer the complaint while the motion is pending. (ECF No. 70.) The Court
19 ordered Defendants to file a responsive pleading or show cause why they should not be
20 subject to sanctions for failing to obey the Court's prior order that they file a responsive
21 pleading or motion. (ECF No. 78.) Thereafter, Defendants filed their answer on October
22 9, 2014. (ECF No. 79.)

23       Plaintiff filed an opposition to Defendants' motion for summary judgment, which
24 referred to the proposed third amended complaint he previously had lodged, and which
25 requested additional time to pursue discovery regarding prison officials' alleged
26 interference with his administrative appeals. (ECF No. 73.) Plaintiff also filed a motion to
27 file the proposed third amended complaint. (ECF No. 74.)

28       Defendants objected to Plaintiff's request for additional time to conduct discovery

(ECF No. 75 at 5-6) and opposed his motion to file the proposed third amended complaint (ECF No. 76).

Plaintiff's motion to file his proposed third amended complaint (ECF No. 74) and his request to conduct discovery relating to exhaustion (ECF No. 73) are ready for ruling.

## II. MOTION TO FILE THIRD AMENDED COMPLAINT

### A. Legal Standard

The decision to grant or deny leave to amend pleadings is within the trial court's discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); United States v. Cnty. of San Diego, 53 F.3d 965, 969 n.6 (9th Cir. 1995).

A party seeking leave to amend pleadings must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Cf. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992) (citing approvingly to Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining

1  Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave
2  to amend." Id.

3      **B.    Analysis**

4      Plaintiff seeks leave to file his proposed third amended complaint to address the
5  shortcomings that resulted in the prior dismissal of this case for failure to exhaust
6  administrative remedies. (ECF No. 74.) Plaintiff contends that his proposed third
7  amended complaint details his attempts to file administrative appeals. However, that is
8  not a sufficient basis for granting leave to amend.

9      Plaintiff cannot oppose a motion for summary judgment by alleging additional
10 facts in his complaint. Facts alleged in the complaint are accepted as true at the
11 pleading stage. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th
12 Cir. 2008). However, such facts are insufficient to withstand a motion for summary
13 judgment. DiMartini v. Ferrin, 889 F.2d 922, 926 (9th Cir. 1989), amended 906 F.2d 465
14 (9th Cir. 1990) ("General allegations or denials in the complaint or pleadings are not
15 sufficient to withstand summary judgment."). Instead, on summary judgment, Plaintiff
16 must support his position by reference to "particular parts of materials in the record,
17 including depositions, documents, electronically stored information, affidavits or
18 declarations, stipulations (including those made for purposes of the motion only),
19 admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).
20 Accordingly, leave to amend for the purpose of opposing Defendants' motion for
21 summary judgment would be futile and will be denied.

22     As discussed below, Plaintiff will be given leave to file a further opposition to
23 Defendants' motion. Plaintiff is cautioned that he cannot oppose Defendants' motion for
24 summary judgment merely by relying on his complaint. Instead, he must set out specific
25 facts in declarations, depositions, answers to interrogatories, or authenticated
26 documents, as provided in Federal Rule of Civil Procedure 56(c), that contradict the
27 facts shown in Defendants' declarations and documents and that show there is a
28 genuine issue of material fact. If he does not submit his own evidence, summary

4

judgment, if appropriate, may be entered against him. Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998). If summary judgment is granted, Plaintiff case "will be over" and will not proceed to trial. Id. at 960-61.

### III. REQUEST FOR ADDITIONAL TIME TO CONDUCT DISCOVERY

#### A. Legal Standard

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d). When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

#### B. Analysis

Plaintiff contends that discovery is needed to show that California Department of Corrections and Rehabilitation officials interfered with his attempts to exhaust the administrative grievance process. (ECF No. 73.) He argues that discovery will reveal the

number of his appeals received by the appeals office and whether they were improperly screened. He asserts that discovery will show that "most of the appeals Plaintiff attempted to file were rejected" and that prison officials interfered with his ability to process his appeals.

Defendants oppose this request on the ground that it is not sufficiently specific and also is unduly broad. (ECF No. 75.) Defendants also contend that Plaintiff has not demonstrated that the alleged evidence he seeks actually exists. Finally, Defendants argue that they have produced, with their motion, all documents and records relevant to Plaintiff's appeals history.

The Court will liberally construe Plaintiff's pro se request as a Rule 56(d) motion, see Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pro se pleadings are liberally construed), even though it is not supported by affidavits or declarations as required by the rule. Plaintiff set forth the specific facts he believes discovery will reveal, and explained why those facts would preclude summary judgment. In light of the policy that Rule 56(d) motions should be freely granted in cases where no discovery has occurred, Burlington N., 323 F.3d at 774, the court concludes that Plaintiff has stated his request with sufficient specificity. In contrast, Defendants have not demonstrated that the discovery sought is "almost certainly nonexistent or [is] the object of pure speculation." VISA Int'l Serv. Ass'n, 784 F.2d at 1475.

Accordingly, the Court will grant Plaintiff's request to pursue discovery, which the Court construes as a Rule 56(d) motion. Discovery will be limited to the issue of whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act. The Court will issue a separate order governing the conduct of such discovery. The Court also will grant Plaintiff leave to file a further opposition, if any he has, and will grant Defendants leave to respond to such further opposition.

**V.      ORDER TO SHOW CAUSE**

The Court will discharge its September 25, 2014 order to show cause (ECF No. 78), in light of Defendants' filing their answer to Plaintiff's complaint on October 9, 2014.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's September 25, 2014 order to show cause (ECF No. 78) is DISCHARGED;
2. Plaintiff's motion to file his proposed third amended complaint (ECF No. 74) is DENIED;
3. Plaintiff's request to conduct discovery relating to exhaustion (ECF No. 73), which the Court construes as a Federal Rule of Civil Procedure 56(d) motion, is GRANTED;
4. Plaintiff may file a further opposition to Defendants' motion for summary judgment, if any he has, by February 27, 2015; and
5. Defendant may file a reply within seven (7) days of the filing of Plaintiff's opposition.

The Court will issue a separate discovery and scheduling order governing the conduct of discovery in this action.

IT IS SO ORDERED.

Dated: October 23, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE