UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL ANTHONY TODD, | Case No. 1:12-cv-02083-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| P. JOHNSON, et al., | **(ECF No. 70)** |
| Defendants. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Doe, Harrington, Johnson, Norton, and Weatherford on Plaintiff's Eighth Amendment failure to protect claim. (See ECF No. 29.) Defendants Harrington, Johnson, Norton and Weatherford have appeared in the action. Defendant Doe has not been identified.

On July 3, 2014, Defendants filed a motion for summary judgment on the ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 70.) Plaintiff filed an opposition (ECF No. 84), and Defendants filed a reply (ECF No. 87). This matter is deemed submitted.

## II. LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## III. FACTUAL SUMMARY

Plaintiff's claims concern acts that occurred at California State Prison, Corcoran ("CSP—COR"). In brief summary, his relevant allegations are as follows:

Plaintiff is a member of the United Society of Aryan Skinheads ("USAS"), which forbids members from participating in prison politics or obeying orders issued by gangs. Defendants were aware of Plaintiff's USAS membership. Plaintiff alleges that

2

Defendants ignored threats to his safety by placing him in a double cell on a group yard, despite his affiliation with USAS. His allegations concern Defendants' conduct from February 10, 2010 to October 2, 2012. (ECF No. 12.)

It is undisputed that Plaintiff did not timely and properly exhaust administrative remedies with respect to these claims. (ECF Nos. 70, 84, & 87.) As discussed in further detail below, the parties dispute whether administrative remedies were "effectively unavailable" to Plaintiff, thereby excusing Plaintiff from the exhaustion requirement.

## IV.  PARTIES' ARGUMENTS

Defendants argue that Plaintiff's contentions that his attempted appeals disappeared, were rejected, were cancelled or were destroyed are insufficient to defeat summary judgment.[1] (ECF No. 70.) They argue that Plaintiff has not produced copies of the missing appeals or explained his inability to produce such copies. He does not explain when the appeals were submitted, nor to whom or how, and does not provide information regarding the content of the appeals. He does not explain whether the appeals named Defendants or addressed the events alleged in Plaintiff's complaint. He does not provide facts to indicate the appeals were improperly screened. He does not explain why he did not attempt to submit the improperly screened appeals to the third level of review, at least for purposes of generating a record. Citing cases that preceded Albino, Defendants argue that Plaintiff's "self-serving testimony" is insufficient to excuse him from the exhaustion requirement. However, Defendants request that a preliminary proceeding be held to resolve the issue of exhaustion if the Court determines that disputed issues of material fact exist.

Plaintiff argues that there are genuine issues of material fact regarding exhaustion, and that these issues must be resolved by a jury. (ECF No. 84.) He also argues that the PLRA exhaustion requirement is unconstitutional. He contends that he attempted to exhaust his administrative remedies but was prevented from doing so by

---

[1] Defendants' motion for summary judgment largely responds to arguments made in opposition to Defendants' motion to dismiss for failure to exhaust administrative remedies.  That motion  was denied on procedural grounds following Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). (ECF No. 69.)

prison officials. He submitted numerous appeals, most of which were never acknowledged. Those that were acknowledged later were lost by prison staff. Plaintiff was unable to copy the appeals prior to submission due to prison policies and limited law library access. During discovery, Defendants refused to provide copies of his attempted appeals or a list of his attempted appeals.[2] The California Department of Corrections and Rehabilitation has a long history of destroying inmate appeals. Appeals for inmates in the Security Housing Unit ("SHU") are handled by multiple correctional officers who know that they can defeat an inmate's civil action by throwing the appeals away. The process of screening out, rejecting, cancelling, or destroying appeals prevents inmates from exhausting administrative remedies.

In support, Plaintiff submits a declaration outlining the following attempts to exhaust his administrative remedies:

- On March 15, 2010, he submitted an appeal alleging that Defendants Johnson, Norton, and Doe set him up to be attacked by members of the Aryan Brotherhood gang. This appeal was never acknowledged.
- On March 21, 2010, he sent an inquiry to the Appeals Office asking whether his March 15, 2010 appeal had been received. The inquiry was not acknowledged.
- On March 28, 2010, he submitted a duplicate of the March 15, 2010 appeal. This appeal was never acknowledged.
- On April 4, 2010, he inquired about the March 15 and March 28, 2010 appeals, and his inquiry was not acknowledged.
- From January 31, 2011 to February 12, 2012 Plaintiff submitted several appeals and inquiries not relevant to the claims in the instant action. These appeals were not acknowledged.

---

[2] Plaintiff did not file any motions to compel discovery.

- On October 21, 2012, Plaintiff submitted an appeal alleging that Harrington Weatherford, Mascarenas and Smith[3] set him up to be attacked by members of the Aryan Brotherhood gang. This appeal was not acknowledged.
- On October 28, 2012, Plaintiff submitted an inquiry regarding the October 21, 2012 appeal, but the inquiry was not acknowledged.

In reply, Defendants reiterate that Plaintiff's account of his attempt to exhaust is vague and self-serving. (ECF No. 87.) They also reiterate their request for an evidentiary hearing.

**V.   DISCUSSION**

    **A.   Legal Standard – Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Prisoners must complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Id.

Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

---

[3] Claims against Defendant Mascarenas were dismissed. (ECF No. 29.) No one named Smith was ever a party to this action. (ECF No. 12.)

An inmate may be excused from the exhaustion requirement where administrative remedies were "effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Administrative remedies may be considered "effectively unavailable" where prison officials fail to respond to a properly filed grievance or administrative appeals are improperly screened. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). To fall within this exception, an inmate must establish, "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24.

**B.    Analysis**

As an initial matter, Plaintiff's argument that the issue of exhaustion must be decided by a jury is incorrect. The United States Court of Appeals for the Ninth Circuit has clearly stated that the issue of exhaustion is to be resolved by a judge, rather than a jury. Albino, 747 F.3d at 1170.

Additionally, Defendants request for an evidentiary hearing at this stage of the proceedings is misplaced. The Court cannot hold an evidentiary hearing to resolve disputed factual questions on a motion for summary judgment. Id. at 1169-71. Rather, where disputed factual issues preclude summary judgment, the motion must be denied, and the issue of exhaustion must be resolved by the judge in a separate preliminary proceeding. Id.

In that vein, the Court finds that there is a genuine issue of material fact as to whether Plaintiff attempted to exhaust his administrative remedies, but was prevented from doing so for reasons inconsistent with or unsupported by applicable regulations. Plaintiff contends that he attempted to appeal the conduct at issue in this case on March 15, 2010, and October 21, 2012, but that his appeals were never acknowledged. He

attempted to obtain records regarding these appeals from Defendants but none were provided. He was unable to make copies of these appeals due to prison policies and lack of law library access. Defendants attempt to cast doubt on Plaintiff's contentions by pointing out that Plaintiff successfully filed numerous other appeals during the relevant period, and exhausted at least eleven appeals to the third level of review. They also state that his description of the appeals is vague, self-serving, and unsupported by documentary evidence. Neither party submits documentary evidence proving or disproving the existence of these disputed appeals, and it appears that no such evidence exists.

The Court cannot resolve this issue without weighing the evidence and making a finding as to parties' credibility. However, such determinations are prohibited on a motion for summary judgment. Soremekun, 509 F.3d at 984. Because of this dispute of material fact, the Court will recommend that the motion for summary judgment be denied.

**VI.     CONCLUSION AND RECOMMENDATION**

The Court finds there are disputed issues of material fact regarding exhaustion, precluding summary judgment. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 73) be denied. It is FURTHER RECOMMENDED that an evidentiary hearing be conducted to resolve the issue of exhaustion.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 16, 2015           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE