UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>P. JOHNSON, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-02083-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR COURT ORDER**<br><br>**(ECF No. 93)** |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Doe, Harrington, Johnson, Norton, and Weatherford on Plaintiff's Eighth Amendment failure to protect claim. Defendants Harrington, Johnson, Norton and Weatherford have appeared in the action. Defendant Doe has not been identified.

    On April 16, 2015, the Court set the matter for an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 91.) On the same date, the Court filed an order and writ of habeas corpus ad testificandum to transport Plaintiff to the evidentiary hearing. (ECF No. 92.)

    Before the Court is Plaintiff's April 27, 2015 motion for a court order. Plaintiff asks the Court to order the Warden to transport and return Plaintiff to California State Prison – Sacramento ("CSP-Sac") on the same day as the evidentiary hearing, rather than

transferring him to another institution to await the hearing and his subsequent return to CSP-Sac. Plaintiff particularly is concerned that he will be held at California State Prison – Corcoran, where Defendants are employed and where the events at issue in this action occurred. Plaintiff also states that his work assignment and educational and self-help programs will be disrupted if he is transferred.

The relief Plaintiff seeks is essentially a request for injunctive relief. Outside of the authority to order the Warden to produce Plaintiff pursuant to a writ of habeas corpus, the Court has no authority to order parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Servs., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The Warden at CSP-Sac is not a party to this action.

Accordingly, Plaintiff's motion for a court order is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   May 12, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE